

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2008

# Canterna v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4930

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Canterna v. IRS" (2008). *2008 Decisions.* Paper 730.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/730

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 06-4930

————————

ANTHONY CANTERNA; PATRICIA CANTERNA

Appellants.

v.

UNITED STATES OF AMERICA; DEPARTMENT
OF THE TREASURY; INTERNAL REVENUE SERVICE

————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cv-01783)
District Judge: Hon. David Stewart Cercone

————————

Submitted under Third Circuit LAR 34.1(a)
March 7, 2008

Before: FISHER, GREENBERG and ROTH, Circuit Judges

Opinion Filed: August 4, 2008

————————

O P I N I O N

————————

**ROTH, <u>Circuit Judge</u>:**

Anthony and Patricia Canterna filed a complaint in the United States District Court for the Western District of Pennsylvania seeking a refund of tax and interest paid for the 1986 tax year as a result of a disallowance of losses claimed in that year by Quartet Films Associates, a partnership in which they had an interest. The District Court granted summary judgment in favor of the government on the basis of *res judicata* and lack of subject matter jurisdiction under 26 U.S.C. § 7422(h). The Canternas appealed. The issue on appeal is whether the District Court abused its discretion in admitting late-discovered evidence which formed the factual basis upon which summary judgment was granted. Specifically, the evidence was necessary to resolve a factual dispute between the parties regarding whether notice of a Tax Court proceeding involving Quartet was provided to the Canternas, with such notice establishing, as a matter of law, that the Canternas were parties to such proceeding (for purposes of *res judicata*) and the refunds sought by the Canternas were attributable to items treated as partnership, rather than non-partnership, items (for determination of jurisdiction pursuant to 26 U.S.C. § 7422(h)). Because we find that the District Court properly exercised its discretion in admitting the evidence at issue, and, in light of such evidence, there is no dispute that, as a matter of law, the Canternas' refund claim is barred by *res judicata* and 26 U.S.C. § 7422(h), we will affirm the District Court's order granting summary judgment in favor of the government.[1]

---

[1] Because it is undisputed that the documentary evidence at issue proves proper notice was given to the Canternas, we also hold that the Canternas were not deprived, as

## I. BACKGROUND

As the facts are well known to the parties, we will summarize only those pertinent to resolving the sole issue on appeal.

In 1986, the Canternas invested in the partnership known as Quartet Films Associates, and they reported their partnership share of income and losses for that year on their joint federal income tax return. According to the Internal Revenue Service (IRS), a Notice of Beginning of Administrative Proceeding (NBAP) was issued on November 28, 1989, informing all Quartet partners that Quartet was the subject of an audit for 1986. On October 29, 1990, the IRS issued a Notice of Final Partnership Administrative Adjustment (FPAA) to all of Quartet's partners, informing them of adjustments that had been made to Quartet's partnership return. The Canternas, however, claim to have not received either notice, although it is undisputed that copies of both the NBAP and FPAA appear in the Canternas' IRS administrative file and are correctly addressed to them.[2]

On December 24, 1990, Quartet's tax matters partner timely petitioned the Tax Court, challenging the FPAA. On September 22, 1999, the Tax Court entered an order, pursuant to a settlement agreement, disallowing 50% of Quartet's losses for the 1986 tax year. On September 20, 2000, the IRS notified the Canternas of the disallowance of a portion of

they argue, of due process under the Fourteenth Amendment.

[2] The NBAP was sent to the Canternas' correct address, but only specified Anthony Canterna as the addressee. However, this discrepancy is not relevant because the proper mailing of the FPAA, which lists both Anthony and Patricia Canterna as addressees, is the dispositive fact in the summary judgment order and in this appeal.

3

Quartet's losses that they had reported on their 1986 tax return and demanded payment of additional taxes.[3] On October 23, 2000, the IRS notified the Canternas of interest charged as a result of the disallowance.

On February 7, 2001, the Canternas paid the $76,780 tax deficiency plus $179,154 in interest and filed an amended 1986 tax return requesting a refund for those amounts. The IRS denied the refund. On November 20, 2003, the Canternas filed an action against the government in the District Court, seeking a refund of tax and interest for the 1986 tax year. Pre-trial proceedings were referred to a Magistrate Judge. The government provided responses to the Canternas' first discovery requests on April 28, 2004, and sent them its required initial disclosures under Fed. R. Civ. P. 26 on May 24, 2004.

On November 17, 2004, the government filed a motion for summary judgment. The government argued that the Canternas were deemed parties to the Quartet partnership proceeding in the Tax Court and *res judicata* barred their complaint. Moreover, the government argued that the District Court lacked subject matter jurisdiction under 26 U.S.C. § 7422(h) (precluding actions against the government for a tax refund attributable to partnership items). On June 23, 2005, the District Court denied the motion because the

---

[3] A partnership is not itself a taxable entity. 26 U.S.C. § 701. Rather, each partner must report his distributive share of the partnership's items of income, gain, loss, deduction, or credit, or other taxable income or loss. 26 U.S.C. § 702(a). Accordingly, the partnership adjustments detailed in the FPAA, and later modified by the Tax Court's order affected all partners' tax returns because adjustments to the Quartet partnership return flowed directly through to the partners' shares of Quartet's income, deductions, and credits.

government had not demonstrated that the NBAP *or* FPAA had actually been mailed to the Canternas' correct address; thus, a genuine issue of material fact remained as to whether the Canternas were provided with notice and were thus parties to the Tax Court proceeding.

On July 8, 2005, the Magistrate Judge granted the government's motion to reopen discovery for a period of 60 days, or until September 7, 2005, for the limited purpose of determining whether the Canternas received notice. The IRS did not locate the relevant documentary evidence establishing proper notice by the end of the discovery period. The search, however, continued. On October 14, 2005, in the general files at the IRS Brookehaven Service Center, the government found a certified mail listing, with the U.S. Postal Service stamp on such listing, reflecting that the FPAA was mailed to the Canternas' correct address on October 29, 1990. On October 18, 2005, the government disclosed the certified mail listing by letter and included copies of the listing with their Fed. R. Civ. P. 26 supplemental disclosure. In its letter to the Canternas' attorney, the government attributed the late discovery to (1) the length of time that had passed between the 1986 tax year and the Canternas' claim and (2) the terrorist attacks on September 11, 2001, which caused delay in discovering and disclosing evidence because a portion of the Quartet file was destroyed in the IRS's Manhattan office.

On November 25, 2005, the Canternas filed a motion requesting the court to exclude the certified mail listing as a discovery sanction under Fed. R. Civ. P. 37(c)(1). Specifically, the Canternas alleged that the government violated the July 8, 2005, discovery order when

5

it untimely filed a Rule 26 supplemental disclosure attempting to introduce previously undisclosed documents. On January 31, 2006, the Magistrate Judge denied the motion in part by admitting the late-discovered mail listing but granted the motion in part by reopening the discovery period so that the Canternas could take the deposition of the IRS employee who had supervised the search for the mail listing.[4]

On May 8, 2006, the government renewed its motion for summary judgment, asserting the same arguments in its original motion, but including the certified mailing list to demonstrate that the FPAA had been properly issued and mailed to the Canternas. In their opposition memo, the Canternas conceded that, given the certified mail listing, the FPAA was properly mailed to them prior to the conclusion of the underlying Tax Court proceeding. On October 30, 2006, the District Court, after adopting the opinion of the Magistrate Judge, entered an order granting the government's motion for summary judgment. In reaching its decision, the court concluded that, because the undisputed mailing of the FPAA established proper notice to the Canternas before the conclusion of the underlying Tax Court proceeding, the Canternas were deemed parties to such proceeding for purposes of *res judicata* claim preclusion and their partnership items cannot be treated as nonpartnership items for purposes of avoiding application of § 7422(h)–application of which deprives the District Court of jurisdiction over the claim. The Canternas appealed.

---

[4] The court further required the government to either produce for deposition an IRS agent to authenticate the evidence at the Canternas' attorney's office or pay the reasonable costs and attorneys fees for their attorney's attendance at the deposition.

## II. JURISDICTION & STANDARD OF REVIEW

A district court's jurisdiction over civil actions for refunds instituted by a taxpayer against the United States is derived from 26 U.S.C. § 7422. We have jurisdiction pursuant to 28 U.S.C. § 1291 over an appeal from a final decision of a district court.

It is well recognized that "the scope and conduct of discovery are within the sound discretion of the trial court," *Marroquin-Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir. 1983), and a district court's "decision whether to penalize non-compliance with a deadline is entrusted to the discretion of the court that imposed it," *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 178 (3d Cir. 1991). *See also Bowers v. National Collegiate Athletic Association*, 475 F.3d 524, 538 (3d Cir. 2007) ("We ... review a district court's decision to impose preclusion sanctions [for discovery violations] for abuse of discretion."). Our review of a district court's interpretation of the Federal Rules of Evidence is plenary. *Marra v. Philadelphia Housing Authority*, 497 F.3d 286, 297 (3d Cir. 2007). Furthermore, we will uphold a district court's order granting summary judgment so long as the record demonstrates that "there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III. DISCUSSION

On appeal, the Canternas argue that the District Court abused its discretion when it admitted the government's late-discovered evidence instead of precluding such evidence as

a discovery sanction under Rule 37.[5]  Notwithstanding the factual dispute on appeal, the

Canternas do not challenge the District Court's (1) holding, as a matter of law, that the

mailing of the FPAA establishes notice even in the absence of actual receipt by the tax

payers; (2) application of *res judicata* to the facts of the case; or (3) interpretation of the

relevant portions of the Internal Revenue Code for determining party status, treatment of

partnership shares, and subject matter jurisdiction.  *See* 26 U.S.C. §§ 6223(e)(3), 6226(c),

6231(a)(3),(b)(1)(D), 7422(h).[6]  Accordingly, the sole issue in this appeal is whether the

District Court abused its discretion in admitting the late-discovered evidence, without which

---

[5] Rule 37(c)(1) provides for an evidentiary preclusion sanction for certain discovery violations.  The rule states:

> A party that *without substantial justification* fails to disclose information
> required by Rule 26(a) or 26(e)(1), or to amend a prior response to
> discovery as required by Rule 26(e)(2), is *not*, *unless such failure is*
> *harmless*, *permitted to use as evidence* at a trial, at a hearing, or on a motion
> any witness or information not so disclosed. *In addition to or in lieu of this*
> *sanction*, the court, on motion and after affording an opportunity to be
> heard, *may impose other appropriate sanctions*. In addition to requiring
> payment of reasonable expenses, including attorney's fees, caused by the
> failure, these sanctions may include any of the actions authorized under
> Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the
> failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1) (2006) (emphasis added).

[6] *See* 26 U.S.C. §§ 6223(e)(3) (circumstances under which a partner may elect to have his partnership items treated as nonpartnership items), 6226(c) (partners treated as parties to a proceeding), 6231(a)(3) (defining partnership items), 6231(b)(1)(D) (circumstances under which the partnership items of a partner for a partnership taxable year become nonpartnership items), 7422(h) (precluding action for a refund attributable to partnership items when such items are treated as partnership, rather than nonpartnership, items).

8

it could not have granted summary judgment because there would have existed a genuine issue of material fact as to whether proper notice was given.[7]

This Court recognizes that the exclusion of evidence for failure to comply with a pretrial order is an "extreme sanction" that is not normally imposed "absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977) (*quoting Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)); *see also In re TMI Litigation*, 193 F.3d 613, 721 (3d Cir. 1999). The factors to be considered in determining whether a district court properly exercised its discretion in excluding or admitting untimely evidence include:

> (1) the prejudice or surprise in fact of the party against whom the [evidence is offered], (2) the ability of that party to cure the prejudice, (3) the extent to which [allowing late-offered evidence] would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order.

*Meyers*, 559 F.2d at 904-05. Applying these considerations to the instant case, we conclude that the District Court properly exercised its discretion when it denied in part the Canternas' motion for sanction under Rule 37(c)(1) by admitting the late-discovered, yet unquestionably probative, documentary evidence.

We find there was neither prejudice nor surprise to the Canternas. The Canternas

---

[7] The Canternas do not raise any objection to the admissibility of the certified mailing list other than the delayed production.

were well aware, early on in the litigation, that the IRS had records suggesting that it had mailed the NBAP and FPAA to the Canternas correct address. In response to their request for production of documents, the government produced correctly addressed copies of the NBAP and FPAA that were allegedly mailed to the Canternas. The government also explained that portions of Quartet's administrative file had been lost in the destruction of the IRS's Manhattan office on September 11, 2001. The government was granted a 60 day discovery extension for the sole purpose of locating further evidence of actual mailing; thus, the Canternas were aware that the discovery of more conclusive and direct evidence was possible. Furthermore, the production of the mail listing cannot be characterized as having been produced on the proverbial "eve of trial." Moreover, the Canternas failed to show that they were prejudiced. They have not explained how their case could have been presented in a more positive light had they gained access to the mail listing earlier in the proceedings. Even if there had been any prejudice to the Canternas due to the late discovery of evidence, the prejudice was cured when the Canternas were granted additional time to conduct depositions.

Finally, there is no evidence that the late discovery of the evidence was due to bad faith or willfulness on the part of the government. The record fails to support the Canternas' claim that the government was less than diligent in its conduct of the litigation. Moreover, it is understandable that the destruction of the IRS's Manhattan office on September 11, 2001, caused substantial disruption in that agency's record-keeping systems and may have

prevented strict compliance with discovery schedules.

## IV. CONCLUSION

Based on the foregoing, we conclude that the District Court did not abuse its discretion by admitting the late-discovered evidence; thus, there is no genuine issue of material fact regarding notice. Accordingly, we will affirm the summary judgment in favor of the government.